UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 09-656(DSD/RLE)

Jennifer Cotton, individually
and on behalf of classes
similarly situated individuals,

        Plaintiff,

v.                                                   **ORDER**

Unitedtel, LLC, a New York
limited liability company,
Enhanced Services Billing, Inc.,
a Delaware corporation, Clickspark,
LLC, a New York limited liability
company,

        Defendant.

This matter is before the court upon plaintiff's motion to remand. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

On February 18, 2009, plaintiff Jennifer Cotton ("Cotton") brought a class action lawsuit in state court against defendants UnitedTel LLC, ClickSpark LLC and Enhanced Services Billing, Inc. ("ESBI"). The complaint alleged that defendants unlawfully charged Cotton and the class for unauthorized services in violation of the Deceptive Trade Practices Act and the Prevention of Consumer Fraud Act, Minnesota Statutes §§ 325D.44 and 325F.68. On March 20, 2009, ESBI removed the case to this court.

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and

statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proving that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assur. Co., 992 F.2d 181, 183 (8th Cir. 1993). Jurisdiction is determined based upon "[t]he allegations of the complaint as set forth at the time the petition for removal was filed." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir. 1969). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand. See In re Bus. Men's, 992 F.2d at 183.

ESBI argues that the court has jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332, 1441, 1446 and 1453. CAFA provides that

> the district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and

>     costs, and is a class action in which ... any
>     member of a class of plaintiffs is a citizen
>     of a State different from any defendant.

28 U.S.C. § 1332(d)(2)(A). In addition, there must be at least 100 members in the putative class. Id. § 1332(d)(5)(B). The only issue in this case is whether the amount in controversy exceeds $5,000,000.

"A party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence." Bell v. Hershey Co., 557 F.3d 953, 958 (8th Cir. 2009). Under this standard, the inquiry "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." Id. at 959 (citing Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002)).

Paragraph sixty-four of the complaint states that "plaintiff seeks damages, in an amount yet to be determined, but reasonably believed to be greater than $50,000.00, along with costs and disbursements, including costs for investigation and reasonable attorneys' fees and any other equitable relief." (Compl. ¶ 64.) Paragraph thirty-nine of the complaint alleges that the class members "number at least in the hundreds or thousands." (Id. ¶ 39.) ESBI argues that the complaint's reference to "plaintiff" in paragraph sixty-four suggests that each of the class members seeks damages of $50,000 or greater.

Paragraph sixty-four's reference to a single plaintiff, however, appears to be merely a typographical error, and a straightforward reading of the complaint indicates that it seeks relief on behalf of Cotton and the class. (Id. ¶¶ 48-51, 53-54, 57, 59, 63, 66, 68, 69.) In addition, the complaint asserts that defendants unlawfully billed the class members approximately $14.95 per month for a period of six years, indicating that an individual plaintiff is unlikely to claim over $50,000 in damages, costs and attorney's fees. (Id. ¶ 10.) See Minn. Stat. § 541.05(1) (six year limitation period applies to contract claims).

Nonetheless, ESBI argues that even if each class member only claims a small amount of damages, the size of the class may cause the aggregate award to exceed $5,000,000. At this point in the litigation, however, it remains unclear how many class members exist, and the court "cannot base [CAFA] jurisdiction on ... speculation and conjecture." Nowak v. Innovative Aftermarket Sys. L.P., No. 06-122, 2007 WL 2454118, at *4 (E.D. Mo. Aug. 23, 2007) (citing Lodermilk v. U.S. Bank Nat'l Assoc., 479 F.3d 994, 1002 (9th Cir. 2005)). Therefore, the court determines that ESBI has not established by a preponderance of the evidence that CAFA's amount in controversy requirement has been met.[1] Accordingly, **IT**

---

[1] ESBI also argues that the court has traditional diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Although complete diversity exists in this case, ESBI has not demonstrated that over $75,000 is in controversy for the reasons
(continued...)

**IS HEREBY ORDERED** that Cotton's motion for remand [Doc. No. 15] is granted.

Dated:  August 10, 2009

                                             s/David S. Doty
                                             David S. Doty, Judge
                                             United States District Court

---

[1](...continued)
stated above. See Triple H Debris Removal, Inc. v. Companion Prop. & Cas. Ins. Co., 560 F.3d 881, 884 (8th Cir. 2009) (diversity jurisdiction requires two completely diverse parties and amount in controversy exceeding $75,000); Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1078 (8th Cir. 2003) (claims cannot be aggregated to satisfy amount in controversy for diversity jurisdiction).